```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LONG ISLAND PINE BARRENS
SOCIETY, INC.,

                    Appellant,        E.D. Bankr. Case
                                      No. 8-12-74482(AST)
       -against-
                                      MEMORANDUM & ORDER
SANDY HILLS, LLC                      14-CV-4678(JS)

                    Appellees.
----------------------------------X
APPEARANCES
For Appellant:      Regina Seltzer, Esq.
                    Long Island Pine Barrens Society
                    547 East Main Street
                    Riverhead, NY 11901

For Appellee:       Stephen P. Gelfand, Esq.
                    Law Office of Stephen P. Gelfand, Esq.
                    548 West Jericho Turnpike
                    Smithtown, NY 11787
```

SEYBERT, District Judge:

This action is an appeal of an order entered in the Chapter 11 bankruptcy proceeding of debtor and appellee herein, Sandy Hills, LLC ("Appellee" or "Sandy Hills"). Appellant Long Island Pine Barrens Society, Inc. ("Appellant" or "Pine Barrens") appeals the May 22, 2014 Order of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), in which the Bankruptcy Court found that Pine Barrens violated the automatic bankruptcy stay. Sandy Hills moved to dismiss this appeal, arguing that the May 22, 2014 Order was non-final and interlocutory and thus not appealable by right. (Docket

Entry 3.) For the following reasons, Sandy Hills' motion to dismiss is DENIED AS MOOT.

DISCUSSION

In the May 22, 2014 Order, the Bankruptcy Court found that Pine Barrens and its counsel violated the automatic bankruptcy stay when it pursued an appeal of a state court proceeding that Pine Barrens commenced prior to the commencement of Sandy Hills' bankruptcy. (See generally Gelfand Affirm., Docket Entry 3, at 3-5, Ex. B at 12-33[1].) The Bankruptcy Court sanctioned Pine Barrens and its counsel, jointly and severally, in an amount of reasonable attorneys' fees to be set by the Bankruptcy Court at a later date. (Gelfand Affirm. Ex. B at 32.) On August 6, 2014, Pine Barrens filed this appeal before the Bankruptcy Court could determine the final amount of attorneys' fees to be awarded.

Sandy Hills argues that the May 22, 2014 Order is not a final, appealable order, because the Bankruptcy Court left open the issue of the amount of attorneys' fees to be awarded. (Appellee's Br., Docket Entry 3-1, at 3-5.) Sandy Hills is correct that under 28 U.S.C. § 158(a)(1), a district court has jurisdiction to hear appeals only from "final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158

---

[1] The page numbers of exhibits referenced herein refer to the page numbers generated by the Electronic Case Filing system.

(emphasis added).  Sandy Hills is also correct that the May 22, 2014 Order was not final for purposes of this Court's appellate jurisdiction since it did not assess the amount of attorneys' fees to be awarded.  See In re Prudential Lines, Inc., 59 F.3d 327, 331 (2d Cir. 1995) ("[F]or a bankruptcy court order to be final . . . the order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief. (citation omitted) (emphasis omitted)); In re Atlas, 210 F.3d 1305, 1308 (11th Cir. 2000) ("[I]n order to avoid piecemeal litigation, a bankruptcy court's order is not final for purposes of appellate jurisdiction where the bankruptcy court finds liability for violation of the automatic stay, but defers assessment of damages.").

However, after Sandy Hills filed its motion to dismiss, the Bankruptcy Court entered an order setting the amount of attorneys' fees to be awarded at $6,496.00.  (See Docket Entry 234 in In re Sandy Hills, LLC, No. 8-12-74482 (Bankr. E.D.N.Y. Nov. 5, 2014).  Thus, although Pine Barrens' appeal was a premature appeal of an interlocutory order, the May 22, 2014 Order is now final and the Court will hear its appeal.[2]  See In re Heghmann, 316 B.R. 395,

---

[2] As far as the Court can tell, Pine Barrens has not filed a notice of appeal challenging the Bankruptcy Court's November 5, 2014 Order setting the amount of attorneys' fees.  Accordingly,

3

400 (B.A.P. 1st Cir. 2004) ("Generally, orders finding violations of the automatic stay and imposing sanctions are final appealable orders."); see Zeoli v. RIHT Mortg. Corp., 148 B.R. 698 (D.N.H. 1993) (considering appeal of order finding a violation of the automatic bankruptcy stay and imposing attorneys' fees); see also In re Deak & Co., 65 B.R. 410, 411 (S.D.N.Y. 1986) ("Congress manifestly intended to treat final denial of relief from the automatic stay as a final order."). Accordingly, Sandy Hills' motion to dismiss is DENIED AS MOOT.

[THIS PORTION OF THIS PAGE INTENTIONALLY LEFT BLANK]

---

this appeal is limited to the issue of whether Pine Barrens violated the automatic bankruptcy stay.

CONCLUSION

For the foregoing reasons, Sandy Hills' motion to dismiss (Docket Entry 3) is DENIED AS MOOT.  Sandy Hills' motion to strike Pine Barrens' surreply (Docket Entry 13), Pine Barrens' motion for leave to file a surreply (Docket Entry 14), and Sandy Hills' motion to strike Pine Barrens' motion for leave to file a surreply (Docket Entry 15) are consequently also DENIED AS MOOT. Pursuant to the Court's Electronic Order dated August 20, 2014, Sandy Hills shall file its appellate brief within fourteen (14) days of the date of this Memorandum and Order.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:     March __18__, 2015
           Central Islip, New York