```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LONG ISLAND PINE BARRENS
SOCIETY, INC.,

                        Appellant,        E.D. Bankr. Case
                                          No. 8-12-74482(AST)
        -against-
                                          MEMORANDUM & ORDER
SANDY HILLS, LLC,                         14-CV-4678(JS)

                        Appellees.
----------------------------------------X
APPEARANCES
For Appellant:      Regina Seltzer, Esq.
                    Long Island Pine Barrens Society
                    547 East Main Street
                    Riverhead, NY 11901

For Appellee:       Stephen P. Gelfand, Esq.
                    Law Office of Stephen P. Gelfand, Esq.
                    548 West Jericho Turnpike
                    Smithtown, NY 11787
```

SEYBERT, District Judge:

This action is an appeal of an order entered in the Chapter 11 bankruptcy proceeding of debtor and appellee herein, Sandy Hills, LLC ("Appellee" or "Sandy Hills"). Specifically, appellant Long Island Pine Barrens Society, Inc. ("Appellant" or "Pine Barrens") and its attorney, Regina Seltzer, appeal the May 22, 2014 Order of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), in which the Bankruptcy Court found that Pine Barrens and Ms. Seltzer willfully violated the automatic bankruptcy stay and imposed civil contempt sanctions on Pine Barrens and Ms. Seltzer, jointly and

severally ("Sanctions Order," Docket Entry 1, at 5-26.) For the following reasons, Pine Barrens' appeal is DENIED and the Bankruptcy Court's Sanctions Order is AFFIRMED.

BACKGROUND

Pine Barrens is a non-profit environmental group whose mission is to protect the Long Island Central Pine Barrens, an area of about 100,000 acres of protected land located in Suffolk County, New York (the "Pine Barrens Region"). (Sanctions Order at 1.) In May 2003, Sandy Hills, the debtor in the underlying bankruptcy proceeding, acquired approximately thirty-nine contiguous acres of undeveloped land in the Town of Brookhaven, New York (the "Town"), which was located in the Pine Barrens Region (the "Property"). (Sanctions Order at 2.)

In July 2011, after years of protracted litigation concerning zoning of the Property, the Town conditionally resolved to rezone the Property to permit Sandy Hills to develop residential and business properties (the "July 2011 Resolution"). (Sanctions Order at 3-4.) On August 12, 2011, Pine Barrens and others filed an Article 78 proceeding in New York State Supreme Court, Suffolk County, alleging that the Town failed to follow proper procedures when it adopted the July 2011 Resolution (the "Article 78 Proceeding"). See Long Island Pine Barrens Soc'y, Inc., et al. v. Town of Brookhaven Town Board, et al., No. 25657/2011 (N.Y. Sup. Ct. Suffolk Cnty.) On July 19, 2012, while the Article 78

Proceeding was still pending, Sandy Hills filed the underlying Chapter 11 bankruptcy case. As a result, the Article 78 Proceeding was stayed pursuant to 11 U.S.C. § 362.

At the time Sandy Hills filed for bankruptcy, the Property was its only asset. (Sanctions Order at 4.) Believing that a decision approving the July 2011 Resolution in the Article 78 Proceeding would increase the value and marketability of the Property, Sandy Hills filed a motion on December 12, 2012, seeking relief from the automatic stay to permit the Supreme Court to render a decision in the Article 78 Proceeding. (Sanctions Order at 4-5.) On January 14, 2013, the Bankruptcy Court granted Sandy Hills' motion and lifted the automatic stay "to allow the Supreme Court of The State of New York County of Suffolk . . . to render a decision in the Article 78 Proceeding" (the "Lift Stay Order"). (Sanctions Order at 5 (quoting the Lift Stay Order).) No party opposed Sandy Hills' motion to lift the stay or appealed the Lift Stay Order. (Sanctions Order at 5.)

On June 18, 2013, the Supreme Court affirmed the July 2011 Resolution and dismissed the Article 78 Proceeding (the "June 2013 Order"). (Sanctions Order at 7.) Without seeking or obtaining relief from the automatic stay, Pine Barrens appealed the June 2013 Order to the Appellate Division, Second Department. (Sanctions Order at 7.) On September 26, 2013, the Bankruptcy Court approved a sale of thirty-six acres of the Property to a

3

non-profit group called Concern for Independent Living, Inc. ("Concern"). (Sanctions Order at 7.)

On January 23, 2014, Sandy Hills filed a motion with the Bankruptcy Court seeking to void the appeal, contending that the Lift Stay Order permitted the Supreme Court to render a decision, but not an appeal of such decision. (Sanctions Order at 8.) On February 4, 2014, after a hearing on the motion, the Bankruptcy Court ruled that Pine Barrens' appeal did violate the automatic stay and that if it wished to pursue an appeal, it would need to move for relief from the stay in the Bankruptcy Court. (Sanctions Order at 8-9.) The Bankruptcy Court did not impose sanctions for the violation.

On February 21, 2014, Pine Barrens filed a motion seeking relief from the automatic stay to appeal the decision in the Article 78 Proceeding, but the Bankruptcy Court denied the motion due to improper service of the motion. (Sanctions Order at 9.) On March 18, 2014, Sandy Hills sold the thirty-six acres of the Property to Concern and retained the remaining portion of the Property. (Sanctions Order at 9.) Three days later, Ms. Seltzer, on Pine Barrens' behalf, filed an order to show cause with the Appellate Division, asking the court (1) to determine that the sale of the thirty-six acres to Concern terminated the automatic stay and (2) to enjoin any development of the Property pending appeal. (Sanctions Order at 10.) On March 24, 2014, the Appellate

4

Division denied Pine Barrens' order to show cause, finding that the Bankruptcy Court should decide whether the automatic stay was terminated as a result of the sale of a portion of the Property to Concern. (Sanctions Order at 10.)

On March 31, 2014, Sandy Hills filed a motion for sanctions in the Bankruptcy Court against Pine Barrens and Ms. Seltzer, arguing that they had willfully violated the automatic stay by filing the order to show cause with the Appellate Division. (Sanctions Order at 10-11.) On May 22, 2014, the Bankruptcy Court rendered its Sanctions Order, finding that Pine Barrens and Ms. Seltzer's order to show cause was a willful violation of the automatic stay that warranted civil contempt sanctions in the form of reasonable attorneys' fees. (Sanctions Order at 11-20.) The Bankruptcy Court directed Sandy Hills to file a fee statement detailing the attorneys' fees incurred in filing and prosecuting its motion for sanctions and in opposing the order to show cause filed in the Appellate Division. (Sanctions Order at 21.) The Bankruptcy Court subsequently entered an order setting amount of attorneys' fees to be awarded at $6,496.00. (See Docket Entry 234 in In re Sandy Hills, LLC, No. 8-12-74482 (Bankr. E.D.N.Y. Nov. 5, 2014)).

DISCUSSION

I. Legal Standard

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. FED. R. BANKR. P. 8013. The Bankruptcy Court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Id.; see also Momentum Mfg. Corp. v. Emp. Creditors Comm. (In re Momentum Mfg. Corp.), 25 F.3d 1132, 1136 (2d Cir. 1994). The Bankruptcy Court's legal conclusions, however, are reviewed de novo. See Momentum Mfg. Co., 25 F.3d at 1136.

II. Analysis

"The law in this Circuit is clear that sanctions for violations of the automatic stay pursuant to § 362(h) are only appropriate as to debtors who are natural persons." Ball v. A.O. Smith Corp., 321 B.R. 100, 108 (N.D.N.Y. 2005), aff'd, 451 F.3d 66 (2d Cir. 2006). "'For other debtors, contempt proceedings are the proper means of compensation and punishment for willful violations of the automatic stay.'" Id. (quoting In re Chateaugay Corp., 920 F.2d 183, 187 (2d Cir. 1990)). Thus, as in this case, "where a debtor is a corporation, sanctions can be imposed only as a result of a contempt finding, on a showing of maliciousness or a lack of a good faith argument and belief that the party's action[s] were not in violation of the stay." Id.

6

Pine Barrens argues that the Bankruptcy Court's Sanctions Order should be reversed because there was no evidence of maliciousness or a lack of good faith argument and belief that Pine Barrens' order to show cause in the Appellate Division did not violate the automatic stay. Pine Barrens specifically contends that Ms. Seltzer exercised a good faith belief that the sale of a portion of the Property to Concern terminated the automatic stay. The Court disagrees. As noted, the Bankruptcy Court previously ruled that Pine Barrens' first appeal of the Supreme Court's June 2013 Order violated the automatic stay, but declined to impose sanctions. This ruling came <u>after</u> the Bankruptcy Court approved the sale of the portion of the Property to Concern. Nonetheless, Pine Barrens proceeded to file an order to show cause in the Appellate Division asking the court to find that the sale terminated the automatic stay, and even more egregiously, to stay any development of the Property pending appeal. Under these circumstances, the Court cannot say that the Bankruptcy Court lacked evidence of maliciousness or a lack of good faith argument and belief that Pine Barrens' order to show cause in the Appellate Division did not violate the automatic stay. The Bankruptcy Court's Sanctions Order is therefore AFFIRMED.

## CONCLUSION

For the foregoing reasons, Pine Barrens' appeal is DENIED and the Bankruptcy Court's Sanctions Order is AFFIRMED. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September __30__, 2015
 Central Islip, New York